FILED IN CHAMB
U.S.D.C. Atlant

FEB 0 8 2012

JAMES N. HATTEN
By: [signature]
Deputy Cl

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEVEN ZAGORIA,<br>BOP No. 62185-019,<br>    Movant, | : <br> : <br> : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-2698-MHS-ECS |
| | : | |
| UNITED STATES OF AMERICA,<br>    Respondent. | : <br> : | CRIMINAL ACTION NO.<br>1:10-CR-373-1-MHS-ECS |

## FINAL REPORT AND RECOMMENDATION

Steven Zagoria is a disbarred attorney now serving a federal sentence for bank fraud. [Doc. No. 8]. Although Zagoria raised no objection during sentencing, he has repeatedly sought since then to have the amount of restitution he was ordered to pay – $318,188.78 – altered. [See, e.g., Doc. Nos. 11, 13, 18, 19].

Zagoria styled his initial challenge as one brought under Federal Rule of Civil Procedure 60(b). Noting that the Federal Rules of Civil Procedure are not applicable to the amount of restitution ordered in a criminal case, the Honorable Marvin H. Shoob construed Zagoria's motion as one brought pursuant to Federal Rule of Criminal Procedure 35 and denied it. [Doc. No. 17]. Zagoria moved for reconsideration. [Doc. No. 18]. Judge Shoob denied that motion [Doc. No. 19], and Zagoria appealed [Doc. No. 23]. Upon review, the United States Court of Appeals for the Eleventh Circuit determined Zagoria's appeal to be frivolous. [Doc. No. 38].

In the course of considering Zagoria's request to modify the restitution award, Judge Shoob specifically considered whether such relief might be available under 28 U.S.C. § 2255 and concluded that "§ 2255 cannot be used to challenge the restitution portion of a sentence." [Doc. No. 17 at 9]. Nevertheless, despite Judge Shoob's determination and despite the clear authority that supports it, see Mamone v. United States, 559 F.3d 1209, 1210 (11th Cir. 2009), and Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998), Zagoria filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in which the sole relief he requests is that this Court "[v]acate and correct the outstanding restitution remaining." [Doc. No. 27 at 13].

Because Zagoria has already been advised that a § 2255 motion cannot be used to challenge the restitution portion of his sentence and because Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that "[i]f it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion," the undersigned **RECOMMENDS** that Zagoria's § 2255 motion be **DENIED**.

The undersigned further **RECOMMENDS** that Zagoria's "Request to the Court to Proceed with § 2255 or to Dismiss Without Prejudice" be **DENIED** as moot.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Zagoria has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. The undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 8th day of February, 2012.

E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| STEVEN ZAGORIA, BOP No. 62185-019, Movant, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| | : | CIVIL ACTION NO. |
| v. | : : | 1:11-CV-2698-MHS-ECS |
| UNITED STATES OF AMERICA, Respondent. | : : | CRIMINAL ACTION NO. 1:10-CR-373-1-MHS-ECS |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review

of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 8th day of February, 2012.

_____
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE